UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY  :
COMMISSION,                   :
                              :
        Plaintiff,            :
                              :
   v.                         :
                              :
                              :    COMPLAINT AND
HALO SHEET METAL, INC.,       :    JURY TRIAL DEMAND
                              :
        Defendant.            :
-----------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment discrimination on the basis of race, African-American, and retaliation, and to make whole Frank McCoy and Peter Leslie, who were adversely affected by such unlawful practices. Plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC" or "the Commission") alleges that Defendant Halo Sheet Metal Inc. (hereinafter "Defendant") terminated McCoy and Leslie on the basis of their race, African-American, and that it terminated McCoy in retaliation for engaging in protected activity. These allegations will be described in greater detail in paragraph seven below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1), 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation under the laws of New Jersey, doing business in New Jersey, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b),(g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, McCoy, a former employee of Defendant, filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant engaged in unlawful employment practices in violation of Sections 703 and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2 and 3(a), as detailed below:

    a. In April 2004, during a Union meeting, McCoy complained that no contractor had ever promoted an African-American to general foreperson. The Union stated that it would bring up this complaint to the contractors. Approximately a month later, Defendant's owner confronted McCoy about his comments and asked him whether he had a problem working with Defendant.

    b. In July or August, 2004, McCoy complained to Defendant that African-American apprentices were being assigned work inappropriate for their level of seniority. A week after

McCoy's complaint, Defendant's owner again asked McCoy whether he was unhappy working at Defendant.

c. On November 3, 2004, the first lay off after McCoy engaged in protected activity, Defendant laid off McCoy and Leslie because of their race, African-American, and laid off McCoy in retaliation for engaging in protected activity. While Defendant stated that it also laid off other, non African-American employees, it allowed all of these individuals to work at other job sites or subsequently reemployed them, while not doing so for McCoy and Leslie.

8. The effect of the practices complained of above in paragraph seven has been to deprive McCoy and Leslie of equal employment opportunities, and otherwise adversely affect their status as employees because of their race, African-American.

9. The unlawful employment practices complained of above in paragraph seven was intentional.

10. The unlawful employment practices complained of above in paragraph seven was done with malice and/or reckless indifference to the federally protected rights of McCoy and Leslie.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from any discriminatory actions, including the discharge of any employee, because of the employee's race or in retaliation, and enjoining any other employment practices of Defendant which discriminate on the basis of race or retaliation.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of

their past and present unlawful employment practices.

C. Order Defendant to make whole McCoy and Leslie by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to rightful-place reinstatement of McCoy and Leslie.

D. Order Defendant to make whole McCoy and Leslie by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven, including job search expenses, job training expenses, medical expenses, and loss of benefits in amounts to be determined at trial.

E. Order Defendant to make whole McCoy and Leslie by providing compensation for their non-pecuniary losses, including emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, fear, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay McCoy and Leslie punitive damages for their malicious and/or reckless conduct, described in paragraph seven above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: June 29, 2006
       New York, New York

                              Respectfully submitted,

                              James L. Lee
                              Deputy General Counsel

                              Gwendolyn Y. Reams
                              Associate General Counsel

                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION
                              1801 "L" Street, N.W.
                              Washington D.C. 20507

                              _____
                              Elizabeth Grossman
                              Regional Attorney

                              Lisa D. Sirkin
                              Supervisory Trial Attorney

                              _____
                              Louis Graziano LG 0530

                              _____
                              Robert D. Rose RR-9174
                              Sr. Trial Attorney
                              New York District Office
                              33 Whitehall St., 5th floor
                              New York, N.Y. 10004-2112
                              (212) 336-3708
                              (212) 336-3623 (facsimile)

5