**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

———————————————————x

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

                   **Plaintiff,**

        **-against-**

**HALO SHEET METAL, INC.,**

                 **Defendant.**

———————————————————x

**Civil Action No. 06-CV-2959**
**(MLC) (TJB)**

RECEIVED

JUN 2 8 2007

AT 8:30 ____ M
WILLIAM T. WALSH
CLERK

## CONSENT DECREE

    This cause of action was brought on June 30, 2006 by Plaintiff Equal Employment Opportunity Commission (EEOC) against Defendant Halo Sheet Metal, Inc., (Defendant), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. EEOC alleges that Defendant unlawfully terminated Frank McCoy and Peter Leslie on the basis of their race, African-American, and that Defendant unlawfully terminated McCoy in retaliation for engaging in protected activity.

    Defendant denies the allegations in this action, and this Consent Decree is not an admission that Defendant has engaged in any wrongdoing or violated any law or regulation.

    The parties desire to settle this action, and therefore stipulate and consent to the entry of this Decree as final and binding between the parties and their successors, assigns, subsidiaries, affiliates and any other corporation or other entity into which Defendant may merge or with which it may consolidate.

The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing, approved by all parties to this Decree and approved or ordered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

## GENERAL PROVISIONS

1.      This Decree resolves all allegations raised in EEOC Charge Number 160-2005-02173 and all allegations that were raised in the complaint filed by EEOC. This Decree in no way effects EEOC's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as EEOC sees fit.

2.      The Court has jurisdiction over the subject matter and the parties to this action, venue is proper, and all administrative prerequisites have been met.

3.      No party shall contest the validity of this Decree.

4.      No party shall contest the jurisdiction of the United States District Court to enforce this Decree and its terms, or the right of EEOC to bring an enforcement suit or proceeding on the breach of any term of this Decree by Defendant.

5.      Defendant shall provide notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which it may consolidate, and such entities shall be bound by this Decree.

## MONETARY RELIEF

6.     Within 45 days after the entry of this Decree, Defendant will pay to Frank McCoy

and Peter Leslie a total of $70,000.00 which reflects back pay, compensatory damages and

attorney's fees, to be paid as follows:

a.     Defendant will pay to Frank McCoy $60,000 which reflects

$29,000 in back pay, less applicable withholdings required by state and federal law, $30,000 in

compensatory damages and $1,000 in attorney fees.

b.     Defendant will pay to Peter Leslie $10,000 which reflects $5,000

less applicable withholdings required by state and federal law in back pay and $5,000 in

compensatory damages.

c.     With respect to the payment of back pay amounts, Defendant will

provide the payees with the applicable IRS form W-2, and with respect to the compensatory

damages and attorney's fees payments, Defendant will provide the payees with the applicable

IRS form 1099.

## INJUNCTIVE RELIEF

7.     **Non-discrimination**

a.     Defendant and its agents are enjoined from discriminating against any

individual because of her or his race in violation of Title VII.

b.     Defendant and its agents are enjoined from retaliating against any

individual for asserting rights under Title VII, including but not limited to filing a charge,

providing assistance or evidence or testifying in the investigation or litigation of this or any other

charge of discrimination, or for asserting her or his rights under Title VII.

3

8.    **Policies and Procedures**

  a. Within 10 days of the entry of this Decree, Defendant will adopt the Equal Employment Opportunity Policy attached hereto as Exhibit A.

  b. Within 10 days of the entry of this Decree, Defendant will adopt guidelines to assist Defendant in conducting thorough investigations of complaints of discrimination and retaliation attached hereto as Exhibit B.   Defendant will distribute the guidelines to management personnel who investigate complaints and to those employees who have filed complaints of discrimination or retaliation.

  c. Within 10 days of entry of this Decree, Defendant will distribute a copy of its Equal Employment Opportunity Policy (Exhibit A) to all field construction employees by securely affixing it to the inside cover of the gang box at each of Defendant's work sites during the duration of this Decree and shall distribute a copy of Exhibit A to all of its office staff, and shall distribute a copy of Exhibit A to all office staff employees hired thereafter within five days of the commencement of their employment.

9.    **Training**

  a. Within 60 days of the entry of this Decree, Defendant will provide the following training:

    (i) At all current projects that are estimated to last more than one week, the Defendant's Project Manager will provide all of Defendant's employees at the Project with training regarding Defendant's Equal Employment Opportunity Policy.  The training shall consist of: (a) an oral presentation by a representative of Defendant's management substantially in the form attached as Exhibit A-1 hereto; and (b) the distribution of a copy of Defendant's Equal Employment Opportunity Policy, Exhibit A, to each employee in attendance at the

training. This training will also be provided at the commencement of all future projects that are estimated to last more than one week.

        (ii)    Defendant will provide three hours of anti-discrimination training, including retaliation, for all its managers, supervisors, project managers.

        (iii)    Newly hired, transferred or promoted managers and supervisors must undergo such training within 15 days of the date of hire or promotion to a management position.

        b.    Defendant will thereafter provide two hours of anti-discrimination and retaliation training for all managerial staff, every 12 months, for the duration of this Decree. This training shall reiterate, explain and answer questions about Defendant's policy prohibiting harassment and discrimination.

        c.    The training sessions as outlined in ¶9 (a)(ii-iii) and (b) shall be conducted by Kauff McClain & McGuire LLP and will cover the materials attached as Exhibit C. These training materials have been reviewed and approved by EEOC.

        d.    Attendance sheets or records containing, but not limited to, the dates of attendance, name of attendees, identity of instructor, and agendas for the training shall be maintained at Defendant's main office.

    10.    **Postings**

        a.    Within 14 days after entry of this Decree, Defendant shall conspicuously post and maintain in its offices in all places where employee notices are posted, a copy of the Notice to All Employees, in the form and with the content specified in Exhibit D hereto. A copy of the Notice to All Employees shall be securely affixed to the inside cover of the gang box at each of the Defendant's worksites during the duration of this decree.

    b.     Defendant shall display the EEOC poster, as required by federal law, outlining all applicable EEO-laws at all offices.

11.   **Monitoring**

    a.     Defendant will provide EEOC with a report containing a list of all complaints of discrimination and/or retaliation, either formal or informal, including a summary of the steps taken during the investigation, the results of the investigation, and any disciplinary action taken. Defendant will provide this report to EEOC annually after the date of entry of this Decree.

    b.     Defendant will forward to EEOC any and all attendance sheets and records containing, the dates of attendance, name of attendees, identity of instructor, and agendas for the training described in paragraph 9, above. Defendant will provide this information to EEOC annually after the date of entry of this Decree.

    c.     EEOC may monitor Defendant's compliance with this Decree through the unannounced inspection of Defendant's premises, records and interviews with employees at reasonable times. Defendant will make available for inspection and copying any records reasonably related to any charge and/or investigation of discrimination conducted by Defendant for the duration of this Decree.

12.    This Decree constitutes the complete understanding between EEOC and Defendant. No other promises or agreements shall be binding unless agreed to in writing and signed by these parties. The EEOC and Defendant shall each bear their respective attorney's fees and costs in this matter.

13.    This Decree will remain in effect for three years from the date of entry. The Court shall retain jurisdiction over this action during the duration of the Decree. The matter may

be administratively closed but shall not be dismissed during the duration of the Decree. Within 30 days after the date set for the expiration of the Decree, the parties shall submit a stipulation of dismissal to the Court.

SO ORDERED, ADJUDGED AND DECREED this 28th day of _June_, 200 07. Case closed.

_____
U.S. District Court Judge

APPROVED IN FORM AND CONTENT:

FOR THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

_____
Elizabeth Grossman
Regional Attorney
Equal Employment
Opportunity Commission
33 Whitehall Street, 5th Floor
New York, New York 10004
Tel: 212-336-3721

Date: June 26, 2007

FOR DEFENDANT HALO SHEET
METAL, INC.

_____
Michael McKenna, (MK-0877)
Lewis & McKenna
82 East Allendale Road
Saddle River, New Jersey 07458
Tel: 201-934-9800

Date: June 14, 2007

7

# EXHIBIT A

## EXHIBIT A

## HALO SHEET METAL, INC.

## EQUAL EMPLOYMENT OPPORTUNITY POLICY

### I. PURPOSE

Halo Sheet Metal, Inc. does not discriminate in the hire, employment, advancement or in any other term or condition of employment because of an individual's race, color, religion or creed, gender or sexual orientation, national origin or citizenship, age or disability as protected by law.

Halo Sheet Metal, Inc. does not tolerate harassment or employment discrimination that is based upon an individual's race, color, religion or creed, gender or sexual orientation, national origin or citizenship, age or disability as protected by law.

### II. PROHIBITED HARASSMENT AND DISCRIMINATION

Halo Sheet Metal, Inc. will not tolerate behavior by managers, supervisors, co-employees or others having the purpose or effect of creating:

    A.    An intimidating, hostile or offensive work environment,

    B.    An unreasonable interference with an individual's work performance, or

    C.    An adverse effect on an employee's conditions of employment where the basis for that conduct is the individual's race, color, religion or creed, gender or sexual orientation, national origin or citizenship, age or disability as protected by law.

### III. DISCIPLINARY ACTION

Halo Sheet Metal, Inc. will take appropriate disciplinary action up to and including discharge against anyone who engages in unlawful harassment or employment discrimination against any employee.

### IV. PROTECTION AGAINST RETALIATION

Employees shall not be subject to any adverse action because they make a complaint of unlawful employment discrimination or harassment or because the employee participates in an investigation of a complaint of unlawful employment discrimination or harassment. Any employee, supervisor or manager of Halo Sheet Metal, Inc. who engages in any such retaliation or reprisal will be subject to appropriate disciplinary action up to and including discharge from employment.

## V.  COMPLAINT PROCEDURE

A.    Any employee who feels that he or she (or any other employee) has been the subject of unlawful harassment or employment discrimination by managers, supervisors, employees, or non-employees in connection with the company's business, may bring a complaint of prohibited employment discrimination or harassment to the attention of management without fear of retaliation or reprisal.  All such complaints will be kept confidential to the maximum possible extent, consistent with a fair and thorough investigation of the complaint.  Any employee who is represented by a labor union may also choose to submit a grievance to his or her union representative subject to the terms of the union's collective bargaining agreement with the Company.

B.    Complaints may be brought to the attention of the Project Manager or the Company's Chief Financial Officer in writing at Halo Sheet Metal, Inc., 140 Lehigh Avenue, Lakewood, NJ 08701, or in person or by telephone to the Chief Financial Officer Paul Pellegrino at 732/901-0080, Project Manager John Pellegrino, at 908/415-4571 (mobile phone), or Project Manager Kevin Wioland, at 732/904-1604 (mobile phone).  A form for reporting a complaint of unlawful employment discrimination, harassment or retaliation is available throughout the Company, and a sample is attached to this policy.

C.    All complaints of unlawful employment discrimination, harassment or retaliation will be fully and fairly investigated and appropriate action (including disciplinary action up to and including discharge), will be taken to remedy any meritorious complaints of unlawful employment discrimination, harassment or retaliation.

# EMPLOYMENT COMPLAINT

**Name of Person Making Complaint:** _____

**Date, Time and Place of Incident:** _____

_____

**Persons Involved and Witnesses:** _____

_____
_____
_____
_____
_____

**Explanation of Incident and Complaint:** _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
Signature of Complainant

# EXHIBIT A-1

# EXHIBIT A-1

## Gang Box Training Presentation

This part of today's meeting explains Halo's Equal Employment Opportunity Policy to you.

In brief: Halo does not tolerate harassment or employment discrimination against any employee based on any legally protected status.

Prohibited harassment and discrimination include any hostile work environment or any adverse effect on an employee's conditions of employment because of the worker's race, religion, gender, national origin, age or disability as protected by law.

Employees are also protected from retaliation for making a complaint about unlawful discrimination or harassment, or assisting another worker with such a complaint.

Halo will take disciplinary action up to and including discharge against anyone who engages in unlawful employment discrimination, harassment or retaliation.

We are giving each of you a copy of Halo's Equal Employment Policy, and that Policy further explains our Complaint Procedure.

A copy of Halo's Equal Employment Opportunity Policy is on display in the gang box for your review. Additional copies of the Employment Complaint form are available on request from me or from Paul Pellegrino in the main office. Our telephone numbers are listed in the Complaint Procedure.

Do you have any questions?

# EXHIBIT B

**EXHIBIT B**

## Halo Sheet Metal, Inc.
### Management Guidelines for Investigation of
### Complaints of Unlawful Discrimination in Employment

This outline provides guidance to management when investigating employee claims of unlawful, discriminatory conduct in the workplace. Each investigation is different and must be tailored to fit the specific allegations and facts involved. Nonetheless, this outline serves as a starting point in any investigation of allegations of unlawful discrimination in employment. A speedy and thorough investigation, and equally prompt action once the investigation is concluded to correct any proven discrimination are a mandatory policy of Halo Sheet Metal, Inc.

Actions taken during and as a result of the investigation of a complaint of unlawful discrimination, harassment or retaliation shall be recorded in writing and preserved. Each person interviewed should be asked to read, correct and sign a written statement of the interview. If the individual declines to sign the statement, it should be retained, unsigned, as a memorandum of what was reported in the interview. Interview statements and memoranda and a record of all action taken in the investigation should be maintained including: the identity of the interviewer(s), complainant(s), other person(s) known to have participated in or have knowledge of the investigation or incidents complained about; the identity of the person(s) responsible for making decisions regarding actions to take resulting from the findings of the investigation; what actions were in fact taken; and relevant dates. A written report will be made from the information gathered from the investigation and the report will be retained on file at Halo's main office.

**STEP ONE: Commencing the Investigation - Obtaining Background Information.**

    A.    Background of the Complainant.

        1.    Name; present position; present supervisor.

        2.    Prior positions held; former supervisor(s); work record.

        3.    Prior discrimination complaints, if any.

    B.    Background of alleged perpetrator of discriminatory treatment.

        1.    Name and employment history.

        2.    Present position; is position supervisory or managerial?

        3.    Previous complaints, in any, and corrective or disciplinary actions taken.

# STEP TWO: Investigating the Incident.

A.   Questions for the Complainant.

1.   What was the discriminatory conduct?  (Obtain all details concerning the alleged discrimination.)

2.   Where did the conduct take place?

3.   When did it take place?

4.   Were there any witnesses?

5.   What are the witnesses names?

6.   Has Complainant previously been subjected to discriminatory conduct by the perpetrator?

7.   Has the complainant previously been subjected to discrimination by others in the Company?

8.   What was the complainant's response to each incident?

9.   What actions, if any, did the complainant take to end the discriminatory conduct?  If no action was taken, why not?

10.   Did the complainant ever report any of the prior incidents of discrimination to a supervisor or manager?  If so, what happened?  If not, why not?

11.   Does the perpetrator have authority over the complainant?

12.   Has the perpetrator ever had any authority over the complainant?

13.   Has any adverse action been taken against the complainant since the discriminatory conduct occurred?

14.   Has any favorable action been taken with respect to the complainant since the discriminatory conduct occurred?

15.   Names of all persons to whom the complainant reported the discriminatory conduct.

16.   All details concerning the complainant's reports of the discriminatory.

17.   Does the complainant believe the perpetrator has engaged in discriminatory conduct against other employees?  If so, whom?

18. Ask the complainant what the remedy should be if the complaint is found to be meritorious.

19. Was the complainant aware of the employer's policy against employment discrimination?

B. Questions for the Alleged Perpetrator – Obtain a complete version of the facts relating to the alleged discriminatory conduct and identify all witnesses that may corroborate or contradict the alleged perpetrator's version of the relevant events.

C. Interview all (1) witnesses identified by the complainant or the alleged perpetrator, (2) persons informed of the discriminatory conduct and (3) other alleged victims, to determine whether they corroborate the complainant or the alleged perpetrator.

D. Record all witness interviews as first person statements from the witness; be thorough in writing down all relevant information available from the witness, including assertions, if there are any, that particular events, claimed by the complainant or the alleged perpetrator, did not happen or did not happen as described by the complainant or the perpetrator; and, have the witness read, correct and sign and date the statement, if at all possible.

## STEP THREE: Determining Management's Response.

A. Organize and carefully consider all evidence collected.

B. Determine whether or not the alleged discriminatory conduct occurred, including making credibility resolutions based upon all of the available evidence, and an assessment of whether the action alleged to be discriminatory was shown to be motivated by unlawful considerations.

C. If the alleged discriminatory conduct is found to have occurred, assess the actions needed to remedy the conduct and its effects on employees, including reinstatement and make whole remedies, and corrective and disciplinary actions needed to avoid future discrimination.

## STEP FOUR: Wrapping Up - Meeting with the Complainant.

A. Inform the complainant of the completion of the investigation, the factual determinations made and any remedial action taken.

B. Confirm management's commitment to the principles set forth in the Company policy prohibiting unlawful discrimination in employment.

C. Inform the complainant that further discrimination or retaliation should

149896.v3                                        -3-

be reported to management immediately.

D.    Ask the complainant if she or he is satisfied with management's handling of the complaint. If she or he is not satisfied, evaluate the cause of the dissatisfaction and determine whether further investigation or action is warranted.

# EXHIBIT C

Exh.
C
3.7.2007

# Workplace Discrimination, Harassment and Retaliation Awareness and Prevention for Managers and Supervisors at Halo Sheet Metal, Inc.

# Session Overview

⌘ Introduction

⌘ Legal Framework

⌘ Company Policies

⌘ Identifying Discrimination Harassment and Retaliation

⌘ Roles and Responsibilities of a Manager

# Introduction- Why are we here?

- We will explain why it is vital to the interests of the Company – and your own interests – to prevent discrimination, harassment and retaliation in the workplace.

- We will define unlawful employment discrimination, harassment – which includes sexual harassment as well as harassment based upon any other protected characteristic (i.e., race, religion, age, national origin, sexual orientation, disability etc.), and retaliation.

- We will discuss your key responsibilities as supervisors and managers to ensure compliance with our Equal Employment Opportunity Policy.

# Legal Framework

Workplace discrimination, harassment and retaliation based on a protected characteristic are unlawful discrimination under:

## ⌘Federal

☒Civil Rights Act of 1964 ("Title VII"), amended by Civil Rights Act of 1991

☒Age Discrimination In Employment Act ("ADEA")

☒Americans with Disabilities Act ("ADA")

☒Family and Medical Leave Act ("FMLA")

☒Supreme Court Decisions (1998)

## ⌘State

☒New Jersey Law Against Discrimination

# Protected Characteristics

⌘ Age

⌘ Sex

⌘ Race

⌘ Color

⌘ Religion

⌘ Ancestry

⌘ Disability

⌘ Medical Condition

⌘ Sexual Orientation

⌘ National Origin

⌘ Veteran Status

⌘ Marital Status

# Employer's Obligations

⌘ Prevent unlawful employment discrimination, harassment and retaliation from occurring.

⌘ The law requires that employers promptly investigate all suspected incidents of employment discrimination, harassment and retaliation and to take effective steps to correct the situation.

⌘ Once any supervisory employee is aware of a situation or complaint of unlawful employment discrimination, harassment or retaliation, the Company is "on notice."

⌘ Do not retaliate against an employee who complains.

# Equal Employment Opportunity Policy

⌘ Prohibits discrimination on the basis of any protected characteristic (gender, race, religion, national origin, age, disability, sexual orientation, etc.).

⌘ Addresses all aspects of employment: interviews, recruitment, selection, compensation, promotion, transfer, layoff, recall, termination, and dispute resolution.

⌘ Commits managers to base all decisions on qualification and job performance.

⌘ Includes our Anti-harassment Policy.

# Unlawful Employment Discrimination is

## *Adverse Treatment in*

- Hiring
- Firing
- Layoff
- Rate of Pay
- Promotion
- Demotion or Discipline
- Other Terms & Conditions of Employment

## *Because of a Legally Protected Personal Characteristic:*

- Race
- National Origin
- Sex or Sexual Orientation
- Religion or Creed
- Disability
- Age
- Other Protected Characteristic

# Race Discrimination

Employment Actions that have an Adverse Effect – whether by motive or impact – upon a worker because of his or her race, color or ethnicity (typically):

◆ American Indian or Alaskan Native

◆ Black or African-American

◆ Native Hawaiian or Pacific Islander

◆ Hispanic or Latino

◆ White

# Unlawful Employment Actions

⌘ **Racial Animus:**

Adverse action based on hostility toward a racial group.

⌘ **Racial Stereotyping or Bias:**

Adverse action resulting from negative qualities attributed without objective basis.

⌘ **Racial Steering and Assignment:**

Segregating employees by race.

⌘ **Reverse Discrimination:**

All racial groups are protected from employment discrimination.

# Racial Harassment

Occurs in the workplace when an employee is exposed to unwelcome conduct that targets the employee's race or ethnicity and is sufficiently severe or pervasive so as to alter the terms and conditions of employment from the perspective of a reasonable person in the victim's position.

# Policy Against Harassment

⌘ <u>Not</u> limited to sexual harassment

⌘ Defines prohibited behavior, including retaliation

⌘ Defines the circumstances (who, what and where) under which certain behavior is prohibited

⌘ Identifies the process by which investigations will be conducted, and matters resolved

⌘ Commits the Company to stop prohibited behavior, including retaliation

⌘ Obligates managers to know, monitor, and enforce the policy

# Examples of Racial Harassment

⌘ Jokes and stories that denigrate groups or individuals based on their racial or ethnic characteristics.

⌘ Racially charged words

⌘ Offensive forms of address relating to race or ethnicity.

⌘ Pictures, cartoons, and symbols with racially offensive content.

# Who can be harassers or targets of harassment?

⌘ Both women and men

⌘ Same sex harassment- harassment not sexual in nature but based upon someone's gender

⌘ Supervisors or co-workers

⌘ Third parties- i.e., customers, vendors

# Where/when can harassment occur?

⌘ In the workplace

⌘ During business trips

⌘ During business meetings

⌘ Work-related social events

⌘ Virtually (e-mail)

# Legal Framework

⌘ Vicarious Liability -- as a result of 1998 Supreme Court decisions, companies can be automatically liable for harassment by managers and supervisors.

⌘ Affirmative Defense -- available when:

   ⊠ Harassment was not of "quid pro quo" type

   ⊠ Company exercised reasonable care to prevent and correct (*e.g.*, adopting and distributing a meaningful harassment policy and training employees on their rights and responsibilities under that policy)

   ⊠ Plaintiff failed to take advantage of corrective mechanisms in place

⌘ There can be individual liability for Managers and Supervisors- both for harassment and for failing to prevent and correct harassment.

# Hostile Work Environment

⌘ Unwelcome conduct that unreasonably interferes with one's ability to do his/her job

⌘ Conduct is <u>severe or pervasive</u>

⌘ Conduct creates an intimidating, hostile or offensive working environment

⌘ Applies to all protected classes (not just sexual harassment) – harassment on the basis of race, religion, national origin, age, disability, sexual orientation, etc. is unlawful

⌘ Conduct could be physical, verbal or visual

# Hostile Work Environment

## *Verbal Examples:*

⌘ Sexual jokes, off-color remarks, teasing, or innuendo

⌘ Jokes or slurs regarding any other protected characteristic (i.e., race, religion, national origin, age, sexual orientation, disability, etc.)

⌘ Frequent comments regarding someone's physical appearance, especially about parts of the body

⌘ Catcalls, whistles, kissing noises.

⌘ Forms of address (honey, babe, etc.)

⌘ Unwanted pressure for dates or sexual favors

⌘ Unwanted personal questions about social or sexual life

# Hostile Work Environment

*Visual Examples:*

- Presence of sexually explicit material, or material that reflects in a negative manner upon any protected characteristic (i.e., race, religion, national origin, age, sexual orientation, disability, etc.) such as pinups, cartoons, graffiti, computer screen savers, or pictures, symbols or objects with negative stereotypes of certain races, religions, national origins, etc. (i.e., a Ku Klux Klan mask, a swastika, a noose, etc.)

- Written material that is sexual in nature or contains derogatory comments relating to any protected characteristic (i.e., race, religion, national origin, age, sexual orientation, disability, etc.) such as notes or e-mail

- Staring, leering or "elevator eyes"

- Suggestive gestures

# Hostile Work Environment

## *Physical Contact:*

- Standing too close to or purposely brushing against another person

- Excessively "lengthy" handshakes, unwelcome hugging or unnecessary physical contact

- Pinching or grabbing

- Cornering, trapping, or blocking a person's pathway

- Sexual touching or kissing

- Sexual assault or forced fondling

- Rape or attempted rape

# Hostile Work Environment

When does the conduct create a hostile work environment?

Factors to be considered include

- Frequency of the conduct
- Severity of the conduct
- Type of conduct -- physically threatening?  Publicly humiliating?  An isolated insult or a "stray remark"?

# Hostile Work Environment

**EXAMPLE:** it was not sexual harassment where all plaintiff could prove was that her supervisor asked her out for a date a couple of times and that some of the other employees — both men and women — told a few dirty jokes.

**BUT NOTE:** the employer had to go through an expensive trial just to establish that there was no unlawful harassment.

# Harassment by Third Parties

## (e.g., Customers, Suppliers, Subcontractors)

- If an employee is harassed by a client or customer, the employee should follow the complaint procedures in the harassment policy just as if the harasser were an employee.

- The corrective action an employer can take may be limited, but the employer still must investigate and take measures to stop the harassment.

# SUPERVISOR/SUBORDINATE DATING

- Not sexual harassment per se

- But consider the pitfalls: "Breaking up is hard to do"

  - What was once welcome may later become unwelcome, when the other person "just doesn't get it."

  - Potential challenges to the supervisor's legitimate efforts to manage the subordinate's performance ("She's getting back at me for breaking up with her").

Jun-26-07   04:36pm   From-

# Retaliation

⌘ Retaliation is prohibited by law and Company policy.

⌘ Retaliation occurs when there are

☒ negative consequences, such as: termination; demotion; denial of pay increases, promotion or good work assignments; or refusal to communicate work related information.

☒ associated with: reporting discrimination or harassment, or participating or assisting in an investigation.

☒ the United States Supreme Court states that an "adverse employment action" is not limited to actions such as discharge, demotion or other materially adverse change in the terms and conditions of employment.

☒ Retaliation can be any action that might "dissuade a reasonable worker from making or supporting a charge of discrimination," and can be based on individual circumstances: e.g., a change in work hours for a young mother with school age children, is a materially adverse employment action.

⌘ Managers have a responsibility to ensure that retaliation does not occur following a complaint and investigation of unlawful employment discrimination or harassment.

# Remember:

⌘ Any retaliation, discrimination or harassing behavior related to legally protected characteristics violates Company policy, even if it does not rise to the level of a legally actionable hostile work environment.

# Your Responsibilities

⌘ **Notice to a Supervisor or Manager is notice to the Company; if you see something, hear something or hear about something that potentially violates our policy, you have an affirmative obligation to do something**

⌘ **Notify the Chief Financial Officer immediately**

⌘ **Upon learning of a potential violation, you must take Prompt, Effective Action**

# Your Responsibilities

⌘ **No such thing as complete confidentiality:**

☒ **No "off the record" conversations**

☒ **No "just between us" conversations**

☒ **No "don't tell anyone else about this" conversations**

⌘ **Report ALL complaints or situations you observe or hear about, not just the ones you believe or the ones you think are serious**

⌘ **Call the Chief Financial Officer Immediately**

# How to Respond to a Complaint

## What you should say:

⌘ Thank you for coming to me

⌘ We take this seriously

⌘ Confidentiality to the extent possible

⌘ I am going to talk with X about this and I'll get back to you within a few days

⌘ Assure the employee that there will be no retaliation

# How to Respond to a Complaint

## What you should NOT say:

⌘ Do not add your opinion; do not make judgmental statements, especially about the character, family, or lifestyle of the victim, the harasser, or witnesses.

⌘ Do not promise the employee complete confidentiality

⌘ Do not promise the employee a specific course of action

⌘ Do not hope that if you ignore the situation, it will go away

# How to Respond to a Complaint

⌘ Follow up; check with the accuser periodically to make sure he or she is satisfied that whatever was happening before has stopped and that no retaliation has occurred.

# Typical Investigation Steps

⌘ Situation reported to Management-Chief Financial Officer or Project Manager.

⌘ Management investigator meets with accuser and potential witnesses

⌘ Management may review other possible evidence, such as relevant documents

⌘ Management Investigator meets with alleged harasser

⌘ All parties are reminded of no retaliation policy

# Typical Investigation Steps

⌘ Matter is kept confidential, to the extent possible; information only on a "need to know" basis

⌘ Appropriate action taken, including possible discipline

⌘ Accuser informed of outcome of investigation

# Thank you!

## Please feel free to ask any questions

## Please give us your confidential feedback

# EXHIBIT D



# EQUAL EMPLOYMENT
# OPPORTUNITY COMMISSION

## NOTICE TO ALL EMPLOYEES

This Notice is posted as part of a settlement entered into by Consent Decree between the U.S. Equal Employment Opportunity Commission (EEOC) and Halo Sheet Metal, Inc., in the case *EEOC v. Halo Sheet Metal, Inc.,* filed in the U.S. District Court for the District of New Jersey, Civil Action No. 06-2959. EEOC brought a lawsuit against Halo Sheet Metal, Inc. alleging that it violated Title VII of the Civil Rights Act of 1964, as amended, in that it terminated two employees on the basis of their race (African-American) and terminated one of them in retaliation for his complaint about discriminatory treatment.

Federal law prohibits discrimination against an employee or an applicant for employment based on the race, religion, sex, color, age, national origin or disability status of the employee or applicant. Federal law also prohibits retaliation against people who have complained of or opposed discrimination.

In addition to requiring Halo Sheet Metal, Inc. to post this Notice, the Consent Decree enjoins Halo Sheet Metal, Inc., from engaging in any unlawful discrimination against employees on the basis of race; enjoins Halo Sheet Metal, Inc. from engaging in any unlawful retaliation against any person who exercises his or her rights under federal anti-discrimination laws; requires that Halo Sheet Metal, Inc. provide training on federal laws prohibiting employment discrimination and retaliation to all current and future employees, management and staff; permits EEOC to monitor compliance with the Consent Decree and requires Halo Sheet Metal, Inc. to provide periodic reports to EEOC regarding any discrimination or retaliation complaints made by employees.

If you have a complaint of employment discrimination or questions regarding laws prohibiting employment discrimination, you may contact:

U.S. Equal Employment Opportunity Commission
33 Whitehall Street
New York, New York 10004-2112
Phone: 800-669-4000
TTY (for persons with hearing impairments): 800-669-6820

*THIS IS AN OFFICIAL NOTICE AND MUST NOT BE CHANGED*
*IT MUST REMAIN POSTED UNTIL* _____
*(Date three years after entry of Decree)*



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3721
TTY (212) 336-3622

# TELECOPIER TRANSMITTAL
## OFFICIAL GOVERNMENT BUSINESS

| TO: | | |
|---|---|---|
| *Recipient:* | Hon. Tonianne J. Bongiovani | |
| *Location:* | U.S. Magistrate Judge, Federal Building & Courthouse | |
| *Fax number:* | 609-989-0435 | *Phone #:* |
| *# of pages incl. cover sheet:* | 56 | |
| *Date:* | 06/26/07 | |

| FROM: | | |
|---|---|---|
| *Sender:* | Monique J. Roberts. Trial Attorney | |
| *Phone number:* | (212) 336-3704 | *Email:* |
| *Fax number:* | (212) 336-3623 | |

**MESSAGE:**   EEOC v. Halo Sheet Metal, Inc., 06-CV-2959 (MLC) (TJB)

See attached. Thank you.

## CONFIDENTIALITY NOTICE

This communication is intended for the sole use of the person to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure.

Any dissemination, distributions, or copying of this communication by anyone other than the intended recipient or the person responsible for its delivery is strictly prohibited.

If you have received this communication in error, please phone the sender immediately (if necessary, call collect) and either destroy the communication or return it to the above address.

## SPECIAL INSTRUCTIONS

If you do not receive all pages or there are problems with the transmission, you should immediately phone the above sender.  If you discover missing pages or other problems with the transmission at a later time, contact the sender at his/her telephone number indicated above.